```
                                                      United States District Court
                                                        District of Connecticut
                                                      FILED AT   NEW HAVEN
              UNITED STATES DISTRICT COURT                  Oct. 19th        20 2
                 DISTRICT OF CONNECTICUT              ──────────────────────────
                                                          Robin D. Tabora, Clerk
                      Grand Jury N-19-1               By_____
                                                                Deputy Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:20cr166  (JCH)(CAM) |
| v. | VIOLATIONS: |
| JOEL MARTINEZ, JR. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Possession with Intent to Distribute 28 Grams or More of Cocaine Base) |
| | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute a Quantity of Heroin) |
| | 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Possession of a Firearm with an Obliterated Serial Number) |
| | 18 U.S.C. § 924(c)(1)(A)(i) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Possession with Intent to Distribute 28 Grams or More of Cocaine Base)

1. On or about September 17, 2020, in the District of Connecticut, the defendant JOEL MARTINEZ, JR. did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

### COUNT TWO
(Possession with Intent to Distribute a Quantity of Heroin)

2. On or about September 17, 2020, in the District of Connecticut, the defendant JOEL MARTINEZ, JR. did knowingly and intentionally possess with intent to distribute a

mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
(Possession of a Firearm with an Obliterated Serial Number)

3. On or about September 17, 2020, in the District of Connecticut, the defendant JOEL MARTINEZ, JR. did knowingly possess a firearm, that is, a Glock Model 26 nine-millimeter firearm, that had been shipped and transported in interstate and foreign commerce, from which the importer's or manufacturer's serial number had been removed, obliterated, and altered.

In violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

## COUNT FOUR
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

4. On or about September 17, 2020, in the District of Connecticut, the defendant JOEL MARTINEZ, JR. did knowingly possess a firearm, that is, a Glock Model 26 nine-millimeter firearm with an obliterated serial number, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C), as more particularly set forth in Counts One and Two of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATION
(Controlled Substance Offense)

5. Upon conviction of one or more of the controlled substance offenses alleged in Counts One and Two of this Indictment, the defendant JOEL MARTINEZ, JR. shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right,

title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Section 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Firearms Offenses)

7. Upon conviction of one or more of the offenses alleged in Counts Three and Four of this Indictment, the defendant JOEL MARTINEZ, JR. shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including but not limited to a Glock Model 26 nine-millimeter pistol with an obliterated serial number and ammunition contained within that firearm, all of which was seized from the defendant on or about September 17, 2020.

All in accordance with Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

TARA E. LEVENS
ASSISTANT UNITED STATES ATTORNEY